Of Counsel:
CRONIN, FRIED, SEKIYA,
 KEKINA & FAIRBANKS

DAVID L. FAIRBANKS      735-0
HOWARD G. McPHERSON   5582-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-1433
Facsimile:  (808) 536-2073
E-mail:   cfskf@croninfried.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MAYER BENEGAS, individually, as Personal Representative of the Estate of Manuel Benegas, Jr., deceased, and as Personal Representative for the benefit of Maxwell Noah Benegas and Quinn Mayer Benegas,<br><br>       Plaintiff,<br><br>   vs.<br><br>ROBERT S. KUTKOWSKI; ANINI FISHING CHARTERS & TOURS, LLC, dba Na Pali Seabreeze Tours, in personam; and MOTOR VESSEL SEA BREEZE, O.N. 1199047, its engines, equipment and appurtenances, etc, in rem,<br><br>       Defendants. | CIVIL NO. _____<br><br>COMPLAINT; VERIFICATION; SUMMONS |

## COMPLAINT

Plaintiff Nancy Mayer Benegas, individually, as Personal Representative of the Estate of Manuel Benegas, Jr., deceased, and as Personal Representative for the benefit of Maxwell Noah Benegas and Quinn Mayer Benegas, for Complaint against Defendants above-named, alleges as follows:

### PRELIMINARY ALLEGATIONS
(Parties, Jurisdiction, and Venue)

1. At all material times, Plaintiff Nancy Mayer Benegas ("Mrs. Benegas") and Manuel Benegas, Jr. ("Mr. Benegas") were legally married. Beneficiaries Maxwell Noah Benegas ("Max") and Quinn Mayer Benegas ("Quinn") are their natural children.

2. At all material times, Defendant Robert S. Kutkowski ("Mr. Kutkowski") was the sole owner, or an owner, of Defendant Anini Fishing Charters & Tours, LLC dba Na Pali Sea Breeze Tours ("Sea Breeze").

3. At all material times, Sea Breeze was a Hawaii corporation or other business entity with its principal place of business in Kauai, Hawaii.

4. At all material times, Defendant Motor Vessel Sea Breeze, O.N. 1199047, its engines, equipment and appurtenances, etc ("the vessel") was owned and operated by Defendant Sea Breeze and/or Mr. Kutkowski.

5. As alleged more fully below, the subject incident giving rise to this case occurred upon navigable waters within the State of Hawaii, had an actual and/or potential impact on maritime commerce, and had a substantial relationship to traditional maritime activity.

6. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The Court has subject matter jurisdiction in admiralty pursuant to 28 U.S.C. 1333.

7. Venue is properly laid in this district in that the in personam defendants are residents and/or doing business here, and the acts and omissions complained of occurred here.  In addition, the vessel is or will be within the pendency of this action within this district.

## COUNT I
(Negligence)

8. This action arises under the general maritime law.

9. On Wednesday, June 26, 2013, Mr. and Mrs. Benegas and their two sons Max and Quinn, along with other members of their extended family, boarded the vessel as paying passengers for a voyage.  There were no other passengers aboard other than their extended family group.

10. The voyage was planned and organized by Sea Breeze and/or Mr. Kutkowski as a round-trip snorkel excursion from Anini Beach, Kauai, to Nualolo Beach, Kauai, on the Na Pali Coast.

11. The vessel had a crew consisting of two persons: one captain and one deck hand.

12. The vessel left Anini Beach and proceeded to Nualolo Beach. When the vessel was moored, the captain informed the passengers that they could snorkel for a short time, and then they should return to the vessel to have lunch.

13. The vessel's crew did not give any instructions to the passengers about procedures in case of an emergency.

14. The vessel's crew did not give any instructions about what do if any of the passengers had a problem while snorkeling.

15. The vessel's crew did not give any instructions about safe use of snorkeling gear.

16. The vessel's crew did not give any instructions about snorkeling in pairs for safety.

17. The passengers were told it was preferred they bring their own masks and snorkels for the voyage, even though Sea Breeze's advertisements for the voyage stated they would be provided.

18. The vessel's crew made no effort to inspect the mask and snorkel gear the passengers brought with them before they entered the water.

19. Mr. and Mrs. Benegas and their two sons, along with others in their extended family group, entered the water to snorkel.

20. The vessel's deck hand went into the vessel's cabin to prepare lunch while the passengers were snorkeling.

21. A short while later, Mrs. Benegas' sister Barbara Sanchez, who was snorkeling with her own son, saw Mr. Benegas in the water and spoke to him. She asked if he was okay and he said yes, except that he was having trouble with his mask.

22. A few minutes later, after Ms. Sanchez had re-boarded the vessel with her son, they suddenly heard a voice screaming for help.

23. Shortly after Ms. Sanchez saw Mr. Benegas in the water and spoke with him, Mr. and Mrs. Benegas' two adult nephews Calvin and Sam Harkless, who were also snorkeling, found Mr. Benegas in the water face down, not moving, without a mask or snorkel.

24. The nephews pulled him up and saw that he appeared unconscious and had foam around his mouth and nose. They immediately began screaming to the vessel for help.

25. They did not see any help coming from the vessel. They saw several persons swimming to them from shore in response to their screams. They immediately began moving Mr. Benegas toward the shore.

26. When they reached the shore, with the help of others they carried Mr. Benegas to a flat spot as quickly as they could and began CPR.

27. Aboard the vessel, Mrs. Benegas and other members of her family heard the screams for help. By process of elimination, it was determined the emergency must involve Mr. Benegas and/or Calvin and Sam Harkless, the children of Mrs. Benegas' other sister, Beth Meglin.

28. Mrs. Benegas is a physician and Ms. Meglin is a registered nurse. Afraid that their loved ones were in serious danger, they immediately decided to swim after the group headed to shore, to provide medical assistance.

29. When Mrs. Benegas and Ms. Meglin reached the shore, they saw Mr. Benegas on his back receiving CPR, not moving.

30. Approximately 45 to 60 minutes later, a rescue helicopter arrived and transported Mr. Benegas to Kauai Veterans Memorial Hospital in Waimea, Kauai, where he was pronounced dead.

31. An official autopsy examination conducted at Wilcox Memorial Hospital Morgue in Lihue, Kauai, one day later, on Thursday, June 27, 2013, determined that Mr. Benegas died of asphyxia due to salt-water drowning.

32. During the incident at Nualolo Beach that led to Mr. Benegas' death, the crew of the vessel was totally unprepared for an emergency.

33. The crew of the vessel did not know what to do and were panicked, confused, and overwhelmed by the situation.

34. Mr. Kutkowski, Sea Breeze, and the vessel failed to use reasonable care under the circumstances to protect the passengers on this voyage.

35. Mr. Kutkowski, Sea Breeze, and the vessel failed to properly train and prepare the vessel's crew to keep the passengers safe during the voyage and to be ready to respond to an emergency.

36. Sea Breeze and the vessel failed to make sure the passengers' mask and snorkel gear were proper before they entered the water.

37. Sea Breeze and the vessel failed to properly watch over the passengers while they were in the water to ensure their safety.

38. Sea Breeze and the vessel failed to properly rescue and care for Mr. Benegas when he was in distress.

39. As a direct, proximate, and legal result of the aforesaid delicts of Mr. Kutkowski, Sea Breeze and the vessel, and each of them, Mr. Benegas suffered severe emotional distress and conscious fear of impending death, severe physical pain and suffering, loss of life, loss of enjoyment of life, and other non-economic damages for which his Estate is entitled to compensation under Chapter 663, Hawaii Revised Statutes (hereinafter "HRS"), and other applicable law.

40. As a further direct, proximate, and legal result of the aforesaid delicts of Mr. Kutkowski, Sea Breeze and the vessel, and each of them, Mr.

Benegas' Estate has incurred loss of future earnings and income, medical expenses and expenses of funeral and burial, for which the Estate is entitled to compensation under Chapter 663, HRS, and other applicable law.

41. As a further direct, proximate, and legal result of the aforesaid delicts of Mr. Kutkowski, Sea Breeze and the vessel, and each of them, Mrs. Benegas and her sons, Max and Quinn, have all suffered severe emotional distress, grief, loss of Mr. Benegas' love, support, services, companionship, society, consortium, and nurture, and other non-economic damages for which they are entitled to compensation under Chapter 663, HRS, and other applicable law.

## COUNT II
(Gross Negligence)

42. This action arises under the general maritime law.

43. Plaintiff incorporates all of her foregoing allegations.

44. The aforesaid delicts of Mr. Kutkowski, Sea Breeze, and the vessel amount to wanton and willful disregard for the rights of others, and an extreme departure from the applicable standard of care.

## COUNT III
(Alter Ego)

45. This action arises under the general maritime law.

46. Plaintiff incorporates all of her foregoing allegations.

47.  Mr. Kutkowski had complete, sole, and unfettered authority to direct and/or control movements of the vessel and Sea Breeze's operations.

48.  Mr. Kutkowski is the alter ego of Sea Breeze and the vessel in that he has so dominated and disregarded the corporate form that the corporation primarily transacted his personal business rather than its own corporate business.

WHEREFORE, Plaintiff prays that maritime process of arrest be issued, that the vessel be arrested, condemned and sold, and that judgment be entered in her favor and against the above-named Defendants, awarding her:

A.  General and special damages against all Defendants, jointly and severally, according to proof;

B.  Punitive damages against Sea Breeze and Mr. Kutkowski;

C.  Costs of suit and interest against all Defendants, jointly and severally; and

D.  Such further relief as the Court deems just and proper.

DATED:  Honolulu, Hawaii, October 15, 2014.

/s/ Howard G. McPherson
DAVID L. FAIRBANKS
HOWARD G. McPHERSON
Attorneys for Plaintiff